IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AMANDA BROWN<br><br>    Plaintiff,<br><br>vs.<br><br>OFFICER ARTHUR LARSEN, in his individual and official capacities, OFFICER JOHN DOE, in his individual and official capacities, and the CITY OF SOUTH SALT LAKE, a Municipal Corporation in Utah.<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:10-cv-00572<br><br>Judge Dee Benson |

    This matter is before the court on Defendants' Motion for Summary Judgment (Dkt. No. 55) and Defendants' Motion to Strike (Dkt. No. 89). Plaintiff, Amanda Brown, alleges that Defendants Arthur Larsen and the City of South Salt Lake violated her rights under the Eighth and the Fourteenth Amendments to the federal constitution and under Article I, Section 9 of the Utah Constitution. Defendants now move for summary judgment on all claims.[1] Having

---

[1] In her opposition to Defendants' Motion for Summary Judgment, Brown does not address Defendants' arguments against her federal constitutional claims and thereby waives them. Regardless, the court agrees with and adopts the reasoning relating to these claims as set forth in Defendants' supporting memoranda.

considered the parties' briefs and the relevant law, the court now enters the following Memorandum Decision and Order.

## BACKGROUND

This is a civil rights action arising from a motor vehicle accident that occurred in the parking lot of the Salt Lake City Justice Center on May 8, 2006. Brown had gone to the Justice Center to deal with a traffic violation, but was detained by bailiff Arthur Larsen when the court found that she had an outstanding bench warrant on an unrelated criminal matter. Larsen handcuffed Brown behind her back and placed her in a prison transport van to take her to the Salt Lake County Jail, approximately 6.5 miles away. Inside the van, Brown was seated on the first row behind the metal partition that separates the driver from the prisoners. Although she asked to be seatbelted, Larsen refused. While Larsen drove through the parking lot, another driver, without looking, started backing out of a parking stall and into his path. When Larsen saw the other vehicle, he braked, but the other driver continued to reverse until she collided with the van. Unfortunately, the momentum from braking propelled Brown forward against the metal partition causing injuries to her neck and back. Besides a slight paint transfer, there was no damage to either vehicle's bumper, and the responding officer did not issue any traffic citations.

Brown claims that Defendants Larsen and the City of South Salt Lake violated her rights under the federal and Utah State constitutions because Larsen failed to seatbelt her prior to the collision.

## DISCUSSION

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Utah R.

Civ. P. 56 (c). "A 'material fact' is one 'that might affect the outcome of the suit under the governing law, and a 'genuine' issue is one for which 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Pelt v. Utah, 539 F.3d 1271, 1280 (10th Cir. 2008) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)) (internal citation omitted).

Brown asserts that there are material facts in dispute that preclude the court from granting summary judgment. However, the court finds that to the extent any facts are in dispute, such facts are immaterial to the court's decision and judgment as a matter of law is therefore appropriate.

## I. Brown's Utah Constitutional Claim

Brown's remaining claim is that Defendants violated Article I, Section 9 of the Utah Constitution, which states,

> Excessive bail shall not be required; excessive fines shall not be imposed; nor shall cruel and unusual punishments be inflicted. Persons arrested or imprisoned shall not be treated with unnecessary rigor.

Brown claims that Larsen violated this section's prohibition against "unnecessary rigor" by refusing to seatbelt her. For the reasons discussed below, the court disagrees.

As a preliminary matter, the Utah Supreme Court has held that there are three necessary elements that a plaintiff must prove when seeking damages for an alleged violation of her rights under the Utah Constitution:

> First, a plaintiff must establish that he or she suffered a "flagrant" violation of his or her constitutional rights.
> . . . .
> Second, a plaintiff must establish that existing remedies do not redress his or her injuries.
> . . . .

> Third, a plaintiff must establish that equitable relief, such as an injunction, was and is wholly inadequate to protect the plaintiff's rights or redress his or her injuries.

Spackman ex rel. Spackman v. Board of Education, 16 P.3d 533, ¶¶ 23-25 (Utah 2000).

Here, Brown's case fails because she cannot show that she suffered a flagrant violation of her constitutional rights. In describing the type of conduct that will be considered flagrant, the Utah Supreme Court stated that the "conduct at issue [must] be more than negligent." Dexter v. Bosko, 184 P.3d 592, ¶ 21 (Utah 2008). The Court further stated that "[t]he requirement that the unconstitutional conduct be flagrant ensures that a government employee is allowed the ordinary human frailties of forgetfulness, distractibility, or misjudgment without rendering [himself] liable for a constitutional violation." Id. at ¶ 23. To show a flagrant violation, the Court uses a test that closely parallels the federal law standard for 42 U.S.C. § 1983 claims. More specifically, a defendant's conduct must violate "'clearly established' constitutional rights 'of which a reasonable person would have known.'" Spackman, 16 P.3d 533 at ¶ 538 (internal citation omitted). Alternatively, in cases where the constitutional right is not clearly established, a defendant's conduct may still be "so egregious and unreasonable that it constitutes a flagrant violation . . . even in the absence of controlling precedent." Jensen ex rel. Jensen v. Cunningham, 250 P.3d 465, 482 (Utah 2011).

Specific to this case, the only controlling precedent interpreting the "unnecessary rigor" clause of the Utah Constitution is the case Dexter v. Bosko, 184 P.3d 592 (Utah 2008). There, the Utah Supreme Court stated that a flagrant violation of the unnecessary rigor clause occurs "when the act complained of presented a substantial risk of serious injury for which there was no reasonable justification at the time." Id. at ¶ 19. Stated another way, a plaintiff must prove "[f]irst: the nature of the act presents an obvious and known serious risk of harm to the arrested

or imprisoned person; and second, knowing of that risk, the official acts without other reasonable justification." Id. at ¶ 25.

This court concludes that Larsen's failure to seatbelt Brown did not present an obvious and known risk of serious harm rising to the level of a flagrant constitutional violation. Despite having little guidance on how to apply the Court's new standard, the surrounding language regarding the flagrant requirement is enough to satisfy the court that Larsen's conduct was not a constitutional violation. Although there is always a risk of harm every time one drives or rides without a seat belt, the court is persuaded that under the undisputed facts of this case, there would need to be additional allegedly wrongful conduct to reach a "*substantial* risk of serious injury." See id. at 19. (emphasis added).

There have been numerous similar civil rights cases in federal courts involving the failure to seatbelt. Although these cases deal primarily with alleged violations of the federal constitution pursuant to 21 U.S.C. § 1983, the court finds the reasoning in these cases to be instructive here. In these cases, the courts have focused on the egregiousness of the officer's driving conduct at the time of the accident, and have uniformly found the solitary act of seatbelting or not seatbelting by itself to not provide a basis for a constitutional violation.[2] For

---

[2] See Russell v. Stroleny, 2014 WL 357408 (S.D.Tex.), 11 (S.D.Tex.,2014) (lack of seatbelt does not pose risk of harm without reckless driving); Fouch v. District of Columbia, 2014 WL 57564 (D.D.C.), 4 (D.D.C., 2014) (mere failure to seatbelt did not show constitutional violation where there was no evidence officer "acted recklessly or with deliberate indifference"); Worthington v. County of Northampton, 2013 WL 6077438 (E.D.Pa.), 1 (E.D.Pa.,2013) (Finding no violation as a result of mere failure to seatbelt; "Neither the Constitution nor any federal statute guarantees a prisoner's right to non-negligent driving by government employees or agents. Such claims are cognizable under state tort law[.]"); Dade v. Kennard, No. 2:06CV869-TC, 2008 WL 4879168, at *3 (D. Utah Nov. 3, 2008) (Campbell, J.) (routine failure to properly secure seatbelt does not create a substantial risk of serious harm even where inmate is disabled or is otherwise unable to seatbelt himself); Smith v. Secretary for the Dep't of Corrections, 252 Fed. Appx. 301, 303-04 (11th Cir.2007) (failure to fasten inmate's seatbelt in converted utility van does not constitute a substantial risk of serious harm); Spencer v. Knapheide Truck Equip. Co., 183 F.3d 902 (8th

example, the Tenth Circuit has held that the failure to properly seatbelt an adult prisoner, by itself, does not create a substantial risk of serious harm. Dexter v. Ford Motor Co., 92 Fed. App. 637 (10th Cir. Feb. 12, 2004). The Court reasoned that "[t]he connection between a failure to seatbelt and the risk of serious injury, even if arguably evident under state tort law, is insufficient for purposes of constitutional analysis." Id. at 641.

Given that Brown's case fails on the first element of Utah's unnecessary rigor standard—that the plaintiff suffered a flagrant violation of her constitutional right—the court does not need to address the second element, which relates to whether officer Larsen acted without other reasonable justification.

---

Cir.1999) (prisoner who was not seatbelted during transport to jail and claimed injuries relating to being "thrown forward into the bulkhead of the compartment" failed to state a constitutional violation); Foreman v. Unnamed Officers, No. DKC-09-2038, 2010 WL2720817 (D. Md. July 7, 2010) (reviewing the case law and noting that "courts seem to require something more than the simple lack of a safety belt during transport"); King v. San Joaquin County Sheriff's Dep't, 2009 WL 577609, *4 (E.D.Cal.) ("[A] prison's or jail's failure to equip a van or bus with seatbelts for the prisoners does not rise to the level of deliberate indifference as a matter of constitutional law."), adopted by, 2009 WL 959958 (E.D.Cal.); Wilbert v. Quarterman, 647 F.Supp.2d 760, 769 (S.D.Tex. 2009) ("[A]n allegation of simply being transported without a seatbelt does not, in and of itself, give rise to a constitutional claim."); Hughes v. Widup, No. 2:07CV290, 2008 WL 56003, at *3 (N.D.Ind. Jan. 3, 2008) (Lozano, J.) (failure to seatbelt handcuffed and shackled inmate was not a constitutional violation); Ingram v. Herrington, No. 4:06CVP65M, 2007 WL 2815965, at *5 (W.D.Ky. Sep. 26, 2007) (McKinley, J.) (failure to seatbelt prisoner did not constitute constitutional violation); Young v. Hightower, No. 04-10309, 2007 WL 2214520, at *6 (E.D.Mich. Jul. 27, 2007) (Lawson, J.) (refusing to seatbelt shackled prisoner does not constitute an excessive risk to the inmate's health or safety); Mojet v. Transport Driver, No. 06:cv321, 2006 WL 3392944, at *2 (N.D.Ind. Nov. 22, 2006) (Springman, J.) (transporting inmates in vehicles without seatbelts did not meet deliberate indifference standard); Williams v. City of New York, No. 03-C-5342, 2005 WL 2862007, at *3 (S.D.N.Y. Nov. 1, 2005) (failure to provide seatbelts on prison transport van does not constitute a constitutional violation under Section 1983); Carrasquillo v. City of New York, 324 F.Supp.2d 428, 437 (S.D.N.Y. 2004) ("[F]ailure to provide seatbelts to prisoners is not a constitutional violation under § 1983."); Lopez v. Northern Arizona Coca-Cola Bottling Co., 2001 WL 1105129 (D.Ariz. Sept. 12, 2001) (unpublished) (same); Hill v. Shobe, 93 F.3d 418, 421 (7th Cir.1996) (deaths and injuries resulting from a state employee's lack of due care do not implicate the constitution).

## II. Defendants' Motion to Strike

Defendants have moved to strike Heath Markovetz's declaration regarding the standard of care allegedly applicable to the transportation and seatbelting of prisoners and inmates. (Dkt. No. 89.) Rule 26(a)(2) of the Federal Rules of Civil Procedure requires parties to disclose written reports for all of their expert witnesses "at the times and in the sequence directed by the court." Fed.R.Civ.P. 26(a)(2)(C). Furthermore, an affidavit or declaration used in opposition to summary judgment "may not contain expert testimony unless the affiant has first been designated an expert witness under Fed.R.Civ.P. 26(a)(2)." Bryant v. Farmers Ins. Exchange, 432 F.3d 1114, 1122 (10th Cir. 2005). Additionally, Rule 37 of the Federal Rules requires the court to exclude an undisclosed witness if the failure to disclose was "without substantial justification," unless the violation was harmless. See Noel v. Martin, 21 Fed.Appx. 828, 834 (10th Cir. 2001). In this case, Brown was required to disclose Markovetz's declaration by February 29, 2012, over two years ago. The court finds that the failure to disclose this declaration by the discovery deadline was not substantially justified.

Additionally, permitting the declaration at this stage would prejudice Defendants. Defendants were never given an opportunity to depose and cross-examine Markovetz, nor did they have the opportunity to retain their own expert of the same specialty. Defendants have also been deprived of the opportunity to evaluate the admissibility on the merits of Markovetz's claimed opinions. Under Rule 702 of the Federal Rules of Evidence, expert testimony must be "based upon sufficient facts or data," it must be "the product of reliable principles and methods," and the expert must "appl[y] the principles and methods reliably to the facts of the case." Fed. R. Evid. 702; see Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 589-593 (1993).

In any event, most of the Markovetz declaration addresses the second element of the Utah Supreme Court's standard for violations of the unnecessary rigor clause, and argument as to that element is immaterial given the court's conclusion regarding the first element. Thus, re-opening discovery at this stage would simply delay the court's ruling on Defendants' Motion for Summary Judgment.

## **CONCLUSION**

Because the Heath Markovetz's declaration is untimely, is prejudicial to Defendants, and is immaterial to the court's conclusion, the court GRANTS Defendants' Motion to Strike.[3] Additionally, because Larsen's conduct in not seatbelting Brown did not present an obvious and known serious risk of harm, his conduct was not, therefore, so egregious and unreasonable as to constitute a flagrant violation of Brown's rights under the Utah Constitution. Furthermore, because the court agrees with and adopts Defendants' reasoning regarding Brown's federal claims, the court hereby GRANTS Defendants' Motion for Summary Judgment as to all of Brown's claims.

IT IS SO ORDERED.

DATED this 18th day of July, 2014.

*Dee Benson*

_____
Dee Benson
United States District Judge

---

[3] The court acknowledges that, according to local rule 7-1(b)(1)(B), Defendants' Motion to Strike should have been filed as an objection as opposed to a separate motion. Despite this difference in form, the court agrees with and adopts the reasoning set forth in Defendants' Motion.